**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

---

**No. 24-6904**

---

AJANAKU MURDOCK,

       Plaintiff - Appellant,

    v.

ADKINS, Correctional Officer; BAERS, Correctional Officer; EMIG, Correctional Sergeant,

       Defendants - Appellees.

---

Appeal from the United States District Court for the Western District of North Carolina, at Statesville.  Kenneth D. Bell, District Judge.  (5:24-cv-00163-KDB)

---

Submitted:  March 11, 2025                          Decided:  March 14, 2025

---

Before NIEMEYER, RICHARDSON, and BENJAMIN, Circuit Judges.

---

Dismissed by unpublished per curiam opinion.

---

Ajanaku E. Murdock, Appellant Pro Se.

---

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Ajanaku Murdock filed a pro se 42 U.S.C. § 1983 complaint against several correctional officers at the Alexander Correctional Institution, alleging that they violated his Eighth Amendment rights. The district court concluded that Murdock failed to state a claim for relief under 28 U.S.C. §§ 1915A(b)(1), 1915(e)(2)(B), but granted him 30 days to amend his complaint. *Murdock v. Adkins*, No. 5:24-cv-00163-KDB (W.D.N.C., PACER No. 7). Murdock did not file an amended complaint within the 30-day period, so the court dismissed his complaint without prejudice on September 9, 2024. *Id.*, PACER Nos. 9, 10. The district court, however, later received the amended complaint and reopened the case, allowing Murdock's excessive force claim to proceed. *See id.*, PACER No. 12.

Murdock seeks to appeal the district court's September 9 dismissal order, arguing that his case should be reopened because he timely filed his amended complaint. Because the court subsequently reviewed the amended complaint and reopened the case, Murdock's appeal is moot. *See Williams v. Ozmint*, 716 F.3d 801, 809 (4th Cir. 2013) (explaining that "[a] case becomes moot when the issues presented are no longer live or the parties lack a legally cognizable interest in the outcome" and that "[a] change in factual circumstances can moot a case on appeal, such as . . . when an event occurs that makes it impossible for the court to grant any effectual relief to the plaintiff" (internal quotation marks omitted)). Accordingly, we dismiss the appeal as moot. We also deny Murdock's request in his informal brief for the appointment of counsel.

We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aide the decisional process.

*DISMISSED*